UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERTHA A. JOHNSON,

                     Plaintiff,

   v.                                                          **DECISION AND ORDER**
                                                                           11-CV-79S

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES AND
COMMUNITY SUPERVISION, *et al.*,

                     Defendants.
_____

      1.      On February 27, 2012, *pro se* Plaintiff Bertha A. Johnson filed a second amended complaint.  After Defendants' failed to respond to her complaint within the time period specified by this Court, Plaintiff filed a motion for default judgment.  Presently before this Court is that motion, as well as a letter received from Johnson dated March 5, 2012.  Also before this Court is the New York State Department of Correctional Services and Community Supervision's ("DOCCS") motion for an order extending the time to file an answer or other responsive motion.  For the following reasons, Plaintiff's motion is denied, and Defendant's motion is granted.  Further, this Court will, *sua sponte*, dismiss various of the named defendants in Plaintiff's Second Amended Complaint.

      2.      On March 5, 2012 Plaintiff submitted a letter to this Court, in which she asks to submit copies of her filed complaints and probable cause decisions, as well as other documents. (Docket No. 37.)  After a number of previous complaints, and copious filings, this Court endeavored to have Plaintiff file one last complaint that would incorporate all her previous submissions, and clarify the nature of her claims.  (See Text Order, Dec. 19, 2011, Docket No. 30; Text Order, Jan. 26, 2012, Docket No. 31; Text Order, Feb. 6, 2012, Docket No. 34.)  After reviewing her letter and her latest complaint, this Court does not

believe there is a need for additional documentation. Should it become necessary, either in the course of discovery or in response to opposing counsel's motion, Plaintiff may, at that time, attach the documents she identifies to her response. Plaintiff's request is denied.

3. Also before this Court is Plaintiff's Motion for Default Judgment. (Docket No. 40.) Plaintiff argues that Defendants in this action have failed to respond to her Second Amended Complaint. In Defendant's motion requesting an extension of time to file an answer or other responsive motion, DOCCS represents that it inadvertently failed to respond. In support, DOCCS points to this case's long procedural history, as well as the fact that this case has been at the pleading stage since its commencement, over one year ago. Finally, Defendant's counsel represents that he was on vacation when the complaint was received.

4. This Court is aware of this case's complicated history. Plaintiff has filed a number of complaints, each of which has added defendants or otherwise modified her claims. Indeed, this Court granted Plaintiff's motion to amend on December 19, 2011 specifically because the Defendant could not be certain what her claims were. Accordingly, Defendant's Motion will be granted, and DOCCS will be given the opportunity to respond to Plaintiff's Second Amended Complaint. Plaintiff's Motion for Default Judgment will be denied as moot.[1]

5. Having resolved the pending motions, this Court must still address the fact that, aside from DOCCS, it does not appear that any of the other defendants named in Plaintiff's latest complaint have been served. (Decl. of David J. Sleight, ¶ 12 n. 1, Docket

---

[1]This Court further notes that Plaintiff's motion must be denied in any case because there had not yet been an entry of default by the Clerk of the Court, pursuant to Local Rule 55.

No. 39.) A review of the docket and of Plaintiff's Second Amended Complaint reveals that the reason for this is further confusion as to who is a named defendant in this action. Plaintiff having been granted leave to proceed *in forma pauperis*, this Court must resolve that matter, in order to direct the Clerk of the Court, via the U.S. Marshals Service, to serve those defendants with a summons and complaint.

6. Plaintiff's original complaint named as sole Defendant the "NYS Dept. Of Correctional Svs- 'Albion Correctional Facility.'" (Docket No. 1.) A proposed supplemental complaint filed on November 28, 2011, named the "New York State Department of Corrections & Community Services." (Docket No. 24.) An Amended Complaint from January 18, 2012 identified the same Defendant, but added Sergeant Elsenheimer, Lieutenant Wojinski, Cpatain Dale Scalise, Deputy Amoia, and "Diversity Management." (Docket No. 32.) The latest complaint, filed February 27, 2012, named in its caption the New York State Department of Correctional Services and Community Supervision, Albion Correctional Facility and the New York State Department of Civil Services as defendant, but then in paragraphs 8 through 20, includes various additional employees as defendants. (Second Am. Comp. ("Comp."), ¶¶ 7-20, Docket No. 36.) It is unclear whether Plaintiff is bringing suit against the 14 named employees, and whether this is in their official or individual capacities.

7. In evaluating Plaintiff's complaint, this Court must accept as true all of the factual allegations and must draw all inferences in her favor. See Larkin v. Savage, 318 F.3d 138, 139 (2d Cir. 2003) (per curium); King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

3

Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)) (internal quotation marks and citation omitted); see also Boykin v. Keycorp, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after Twombly). "A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (internal quotation marks and citations omitted).

8.    Plaintiff, having been granted leave to proceed *in forma pauperis*, is subject to the requirements of 28 U.S.C. 1915. See Brojer v. Kuriakose, No. 11-CV-3156, 2011 WL 3043778, *2 (E.D.N.Y. July 20, 2011) (citing Burns v. Goodwill Indus. of Greater N.Y., No. 01-CV-11311, 2002 WL 1431704, at *2 (S.D.N.Y. July 2, 2002)) (noting that § 1915(e), as amended by Prison Litigation Reform Act of 1995, applies to both prisoner and non-prisoner *in forma pauperis* actions). Pursuant to §§ 1915(e)(2)(B) and 1915A(a), this Court must conduct an initial screening of the complaint. While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. Wynder v. McMahon, 360 F.3d 73 (2d Cir. 2004). As noted, specific facts are not necessary, but a complaint is nevertheless subject to dismissal "unless its factual allegations, if credited, make the claim 'plausible.'" See Oliveras v. Wilkins, No. 06 CV 3578(DAB), 2010 WL 423107, at *7 (S.D.N.Y. Feb. 5, 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). Further, § 1915(e)(2)(B) provides that the court

shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. § 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (citing Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004)).

9.   Even construing Plaintiff's complaint liberally in light of her *pro se* status, see Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999) (per curium), this Court concludes that it does not state a claim upon which it can be granted, as to the vast majority of the newly added Defendants (the "individual named defendants"). Plaintiff's latest complaint adds 14 individuals as individual named defendants, to the original defendant, DOCCS.[2] Her complaint contains nine causes of action.[3]

10.  Out of these nine causes of action, four explicitly arise under Title VII.[4]

---

[2] These are Sergeants Stanson, Pyra, Brown, and Goodman, Lieutenants Wojinski and Rizzo, Captain Dale Scalise, Deputies Flanagan and Amoia, Superintendent William Powers, Earleen Corbit, Mike Washington, Deborah Nazon, and Mr. Vanderlaan. (Comp. ¶¶ 8-20.)

[3] The claims are numbered one through ten, however, Plaintiff does not list a seventh cause of action, and her paragraphs proceed, uninterrupted from the sixth to the eighth cause of action.
   Plaintiff additionally cites to 42 U.S.C. §§ 1981, 1985, and 1986, as well as New York State Executive Law § 296. These statutes nowhere else appear in her Complaint, and no claims are detailed as falling under them. Plaintiff has thus not met her burden to plead adequate facts in support, and any such claims are dismissed. This Court further notes that Plaintiff's § 1981 claim would need to be pursued through § 1983, which "provides the exclusive remedy for violation of the rights guaranteed under Section 1981 in a claim against a state actor." Sullivan v. Newburgh Enlarged Sch. Dist., 281 F. Supp. 2d 689, 708 (S.D.N.Y. 2003) (citing Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735, 109 S. Ct. 2702, 105 L. Ed. 2d 598 (1989)). Further, her tort claims would arise under state, not federal, law. See, e.g., Tarantino v. City of Hornell, 615 F. Supp. 2d 102, 126 (W.D.N.Y. 2009) (finding that claim for intentional inflict of emotional distress is a state law claim that could not be brought pursuant to § 1983), *abrogated on other grounds by* Analytical Diagnostic Labs, Inc. v. Kusel, 626 F.3d 135 (2d Cir. 2010).

[4] Plaintiff's first, second, fourth, and sixth causes of action.

Another alleges only a claim for "retaliatory hostile work environment (harassment)."[5] The Complaint is not clear about what statute this cause of action arises under, however, because Plaintiff's supporting facts allege discriminatory action, this Court interprets it as also arising under Title VII. See McWhite v. N.Y.C. Housing Auth., No. 05 CV 0991(NG)(LB), 2008 WL 1699446, at *16 n. 7 (E.D.N.Y. Apr. 10, 2008) (interpreting complaint to raise Title VII hostile work environment claim where plaintiff stated in her complaint that she was harassed and in her EEOC charge alleged that she was subjected to a hostile work environment); Memiservich v. St. Elizabeth's Med. Ctr., 443 F. Supp. 2d 276, 287 (N.D.N.Y. 2006) (accepting parties' interpretation of plaintiff's hostile work environment claim as falling under Title VII). Further bolstering this interpretation is the fact that "New York does not recognize an independent cause of action for 'harassment.'" Emmons v. City Univ. of N.Y., 715 F. Supp. 2d 394, 424 (E.D.N.Y. 2010) (citing Jacobs v. 200 E. 36th Owners Corp., 281 A.D.2d 281, 281, 722 N.Y.S.2d 137, 137 (1st Dep't 2001)).

Each of these claims, as to the fourteen individual named defendants, faces dismissal. Title VII makes it unlawful to "fail or refuse to hire or to discharge any individual, or to otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). However, it is well-settled that Title VII does not impose liability on individual defendants. See Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000). Accordingly, this Court will dismiss Plaintiff's Title VII causes of action, *sua sponte*, as to the individual defendants. See, e.g., Hooda v. Brookhaven Nat'l Lab.,

---

[5]Plaintiff's ninth cause of action.

659 F. Supp. 2d 383, 390 (E.D.N.Y. 2009) (dismissing, *sua sponte*, Title VII claims against individual defendants); Richardson v. Sec. Unit Emps. Council 82, No. 99-CV-1021, 2001 WL 392089, at *3 (W.D.N.Y. Mar. 27, 2001) ("In short, plaintiff has presented no valid grounds for any Title VII claim and the undersigned, *sua sponte*, will dismiss such claims in their entirety.").

11. Similarly, Plaintiff's third cause of action, which arises under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), must be dismissed for the same reasons. § 12203(a) provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." In the context of employment discrimination, the ADA does not provide for individual liability. Spigel v. Schulmann, 604 F.3d 72, 79-80 (2d Cir. 2010) (per curium). This Court further notes that Plaintiff does not identify any specific defendants in this cause of action, and thus has not tied any one of the individual named defendants to it, providing a further ground on which to dismiss this claim.

12. Although Plaintiff's tort claims warrant closer scrutiny, the majority of these too, face dismissal. Plaintiff alleges claims for intentional infliction of emotional distress ("IIED"), negligence and breach of contract, and intentional battery.[6] None of these causes of action state which defendant committed the alleged conduct.

13. As to her IIED claim, this Court notes that Plaintiff faces a very high standard.

---

[6]These are Plaintiff's fifth, eighth, and tenth causes of action, respectively.

To sustain a cause of action for IIED, a plaintiff must plead, among other elements, that she was the victim of "extreme and outrageous conduct." Howell v. N.Y. Post Co., 91 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993). The requirements of this rule are "rigorous, and difficult to satisfy." Id. at 11. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. (quoting Murphy v. Am. Home Prods. Corp., 58 N.Y.2d 293, 303, 448 N.E.2d 86, 461 N.Y.S.2d 232 (1983)). Here, Plaintiff states that Defendant "did threat and jump at Plaintiff while knowing that she was and had experienced admission to a behavioral health unit." (Comp. ¶ 95.) Although Plaintiff does not identify which defendant engaged in that conduct, elsewhere she states that on June 14, 2011 "Lt. Wojinski with angry malice and willful intent, threatened Plaintiff with extreme and outrageous conduct, jumped at Plaintiff as if he was about to hit her and said what at her as she was standing and awaiting roll call at 6:45am." (Id. ¶ 55.)[7] Although this Court has succeeded in identifying which Defendant caused the alleged injury, even assuming the truth of Plaintiff's assertions, the acts of which she complains do not rise to the level of atrociousness necessary to support an IIED claim. See Bradley v. Consol. Edison Co. of N.Y., Inc., 657 F. Supp. 197, 205 (S.D.N.Y. 1987) (defendants' conduct "must consist of more than mere insults, indignities and annoyances and must be so shocking and outrageous as to exceed all reasonable bounds of decency"). Further, "New York courts do not, as a rule, extend the tort of [IIED] to employment discrimination claims." Virola v.

---

[7]Plaintiff's complaint contains two consecutive paragraphs numbered 55. This citation is in reference to the second.

Xo Commc'ns, Inc., 05-CV-5056, 2008 WL 1766601, at *21 (E.D.N.Y. Apr. 15, 2008).

However, as this Court is bound to interpret Plaintiff's complaint to raise the strongest argument possible, it interprets her IIED claim as one for common law assault. See Pettus v. City of New York, No. 10-CV-1442 (CBA)(JO), 2011 WL 4458901, at *11 (E.D.N.Y. Aug. 23, 2011) (Report and Recommendation) (interpreting *pro se* pleading as asserting causes of action under state law parallel to federal law claims).  "New York defines 'assault' as 'an intentional placing of another person in fear of imminent harmful or offensive contact.'"  Cunninham v. New York City, No. 04 Civ. 10232(LBS), 2008 WL 1944696, at *1 (S.D.N.Y. May 1, 2008) (quoting Charkhy v. Altman, 252 A.D.2d 413, 678 N.Y.S.2d 40, 41 (1st Dep't 1998)).  Although it is unclear what harm Plaintiff suffered as a result of Lieutenant Wojinski's conduct, "seriousness of the injury does not appear to be an element of a New York assault claim." Green v. City of New York, 465 F.3d 65, 86 (2d Cir. 2006).  As to Lieutenant Wojinski Plaintiff's claim can go forward.

14.     As to her claim for negligence and breach of contract, this claim appears to refer only to DOCCS because it references the "defendant entities" and its "certain and specific policies and procedures." (Comp. ¶ 103.)  It thus appears that her eighth cause of action is not intended to go against the individual named defendants, with whom she had no contractual relationship anyway, and this claim will also be dismissed as to them.

15.     Finally, as to her claim for intentional battery, Plaintiff claims that she was "confined to a conference room for 3 ½ hours while Defendants intentionally and knowingly directed to the Plaintiff into the conference and left to go home while Plaintiff remained past out inside." (Comp. ¶ 113.)  New York defines a "civil battery [as] an intentional wrongful physical contact with another person without consent." Cunninham, 2008 WL 1944696,

at *1 (quoting Charkhy, 678 N.Y.S.2d at 41) (alterations in original). Facially, Plaintiff's claim does not appear to be one for battery. Instead, it resembles a common law claim for unlawful imprisonment, the elements of which under New York law are "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Searles v. Pompilio, 652 F. Supp. 2d 432, 437 (S.D.N.Y. July 23, 2009) (quoting Curry v. City of Syracuse, 316 F.3d 324, 335 (2d Cir. 2003) (alteration in original). Reviewing Plaintiff's Complaint, it states that "[o]n or about 10:50am, Defendants called Plaintiff . . . and she was told to report to the chart office by Sergeant Brown" after which "Plaintiff was then put in a conference room at 11:00am, and told to stay there until Sergeant Brown or Captain Scalise come to get her." (Comp. ¶ 62.) As far as this Court can tell, this tenth claim thus goes only against these two Defendants, and not the other 12 individual named defendants. As to those Sergeant Brown and Captain Scalise, Plaintiff's unlawful imprisonment claim can go forward.

16.     Having parsed through Plaintiff's many claims, and the many Defendants against whom they are brought, this Court finds that Plaintiff's Second Amended Complaint can go forward as against DOCCS. It may also go forward against Lieutenant Wojinski, on a common law claim of assault, and Sergeant Brown and Captain Salise on an unlawful confinement claim, in their individual capacities.[8]

---

[8]To the extent Plaintiff seeks to hold the individual Defendants liable in their official capacities, such a claim would be barred by the Eleventh Amendment. See Sherwin-Williams Co. v. Crotty, 334 F. Supp. 2d 187, 196 (N.D.N.Y. 2004) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 102, 104 S. Ct. 900, 909, 79 L. Ed. 2d 67 (1984)) ("State officials and agencies cannot be sued for a violation of state law(s) in federal court or sued in their official capacities when the state may be financially liable."); Fry v. McCall, 945 F. Supp. 655, 660 (S.D.N.Y. 1996).

IT HEREBY IS ORDERED, that Plaintiff's request contained in her (Docket No. 37) March 5, 2012 Letter is DENIED.

FURTHER, that Plaintiff's (Docket No. 40) Motion for Default Judgment is DENIED as moot.

FURTHER, that Defendant's (Docket No. 38) Motion for an Order Extending Time to File an Answer or Responsive Motion is GRANTED.

FURTHER, that Defendant shall file an answer or response to Plaintiff's second amended complaint within 14 days of the issuance of this Order.

FURTHER, that the claims contained in Plaintiff's Second Amended Complaint (Docket No. 36) are DISMISSED as to the individual named defendants contained in paragraphs 8 through 20, with the exception of Sergeant Brown, Lieutenant Wokinski, and Captain Scalise.

FURTHER, that Defendants Stanson, Pyra, Goodman, Flanagan, Amoia, Powers, Corbit, Washington, Nazon, Vanderlaan, and Rizzo shall be terminated as parties to this case.

FURTHER, that the Clerk of the Court is directed to cause the United States Marshals Service to serve the Summons and Second Amended Complaint (Docket No.

36), along with this Decision and Order, upon Defendants Sergeant Brown, Lieutenant Wokinski, and Captain Scalise without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

SO ORDERED.

Dated: April 6, 2012
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
