UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BERTHA A. JOHNSON,

                            Plaintiff,

v.                                           **DECISION AND ORDER**
                                                    11-CV-079S

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES AND
COMMUNITY SUPERVISION, LIEUTENANT
WOJINSKI, CAPTAIN DALE SCALISE,
SERGEANT BROWN.

                            Defendants.

## I. INTRODUCTION

In this action, Plaintiff Bertha A. Johnson, proceeding *pro se* and *in forma pauperis*, is seeking damages for alleged violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, as well as for state law claims. Presently before this Court is the motion of Defendant New York State Department of Corrections and Community Supervision ("DOCCS") to partially dismiss the Second Amended Complaint as against it, and Plaintiff's motion for leave to supplement her opposition to that motion. For the reasons that follow, this Court finds further submissions and oral argument unnecessary, and grants DOCCS' motion to partially dismiss Plaintiff's Second Amended Complaint.

1

## II. BACKGROUND

Plaintiff filed her initial complaint against DOCCS in January 2011. DOCCS moved to dismiss this complaint, (Docket No. 4), following which Plaintiff sought leave to file an amended complaint. (Docket No. 18.) DOCCS opposed Plaintiff's motion, but before the Court ruled, Plaintiff moved to file a 'supplemental complaint' with additional claims. (Docket Nos. 20, 24-25.) Plaintiff also filed three 'supplemental exhibits' shortly thereafter. (Docket Nos. 26-28.) In a December 2011 text order, this Court agreed with DOCCS that Plaintiff's "current allegations are confused," and ordered Plaintiff to file an amended complaint incorporating her various claims and allegations. (Docket No. 30.)

Plaintiff filed what purported to be an amended complaint in January 2012. (Docket No. 32). The Court found this document to be deficient, and afforded her an opportunity to file a complaint that accurately recited her claims and allegations. (Docket No. 31.) This Second Amended Complaint, in which several defendants and various claims were added, was filed on February 27, 2012. (Docket No. 36.) Notably, although Plaintiff enumerated nine different causes of action,[1] many of the claims asserted in those causes of action are repetitive. In light of her *in forma pauperis* status, the Court reviewed Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915. (Docket No. 41 ¶ 8.) The following claims against DOCCS survived this review: (1) employment discrimination on the basis of race and gender in violation of Title VII; (2) interference with her FMLA rights; (3) retaliation in violation of Title VII, FMLA, and the ADA; and (4) negligence and breach of contract. Further, Plaintiff's claims against Defendant Lieutenant Wojinski for assault and

---

[1] Although Plaintiff numbers her claims one through ten, there is no seventh cause of action listed.

against Sergeant Brown and Captain Scalise for unlawful imprisonment also remain viable.

DOCCS now moves to partially dismiss the remaining claims in the Second Amended Complaint as against it for lack of subject matter jurisdiction and failure to state a claim.[2] (Docket No. 42.)

## III. DISCUSSION

### A. Plaintiff's Request to File a Supplemental Memorandum of Law

Plaintiff requests to fille a supplement to her Memorandum of Law in Opposition because she believes that DOCCS failed to provide her with a copy of its most recent motion to dismiss. (Docket No. 47.) The basis of her belief is a discrepancy between the date on DOCCS' Notice of Motion, March 27, 2012, and that of the supporting memorandum, April 23, 2012. (Docket No. 47 at 1-2.) DOCCS' counsel avers that, despite the erroneous date, both the Notice of Motion and the supporting memorandum were filed on April 23, 2012, and that both were mailed to Plaintiff as certified. (Decl. of David J. Sleight ¶¶ 5-6, Docket No. 48.) Counsel's assertion is supported by the court docket and Plaintiff's admission that she received the Notice of Motion to Dismiss the Second Amended Complaint. (See Docket No. 47 at 5-6.) Further, it is unclear whether Plaintiff is asserting that she received only a Notice of Motion and no supporting memorandum, or if her objection is based solely on the discrepancy in dates. In any event, Plaintiff addresses all the issues raised in DOCCS' April 23, 2012 memorandum in her opposition save one, subject matter jurisdiction over her state law claim of negligence and

---

[2]In support of its motion, DOCCS submitted a supporting Memorandum of Law (Docket No. 42). Plaintiff filed an opposing Memorandum of Law (Docket No. 46). Plaintiff also requested leave to supplement her memorandum (Docket No. 47), to which DOCCS responded with the Decl. of David J. Sleight, Esq. (Docket No. 48).

3

breach of contract. Because the Court would be required to dismiss that cause of action sua sponte even if the parties had not addressed it, Plaintiff's request to file a supplemental opposition is denied.

**B.     Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction**

DOCCS argues that, with the exception of Plaintiff's Title VII claims, each of the causes of action asserted against it are barred under the Eleventh Amendment, which prohibits a suit against an agency of the state such as DOCCS. "[A]s a general rule, state governments [and their agencies] may not be sued in federal court unless they have waived their Eleventh Amendment immunity," or there has been a valid abrogation of that immunity by Congress. Woods v. Rondout Valley Cent. School Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir.2006) (citing Lapides v. Bd. of Regents, 535 U.S. 613, 618-19, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002)); see Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99, 104 S. Ct. 900, 79 L. Ed. 67 (1984). Courts considering whether there has been a valid abrogation of a state's Eleventh Amendment immunity ask: "(1) whether Congress has unequivocally declared an intent to abrogate states' immunities and (2) whether Congress has acted pursuant to a valid exercise of its power." Hale v Mann, 219 F.3d 61, 67 (2d Cir. 2000) (citing Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996)). In order for there to be a valid abrogation authorizing "private individuals to recover money damages against the States, there must be a pattern of discrimination by the States which violates the Fourteenth Amendment, and the remedy imposed by Congress must be congruent and proportional to the targeted violation." Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 374, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001).

Here, DOCCS has not waived its immunity, but has consistently raised it as grounds for dismissal. (See Docket Nos. 4, 20, 42.) Further, there is no valid abrogation of the Eleventh Amendment immunity with respect to Plaintiff's causes of action seeking monetary damages for violations of the FMLA, the ADA, and state law.

Plaintiff alleges that she was approved for intermittent medical leave for her own anxiety pursuant to the FMLA based on medical documentation submitted in 2007. (Second Am. Compl. ¶ 21.) She claims DOCCS subsequently interfered with her FMLA rights and retaliated against her for filing complaints against DOCCS. (Id. ¶¶ 75-83.) Accordingly, Plaintiff's claims arise under the self-care provision of the FMLA. 29 U.S.C. § 2612 (a)(1)(D) (an eligible employee is entitled to a total of 12 workweeks of leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of [his or her] position"). The Supreme Court recently considered the self-care provision of the FMLA and whether its attempt to abrogate state immunity is a valid exercise of congressional power under § 5 of the Fourteenth Amendment. Coleman v. Court of Appeals of Maryland, __ U.S. __, 132 S. Ct. 1327, 1333-37, 182 L. Ed. 2d 296 (March 20, 2012). In a plurality decision, the Court held that suits against states brought under the self-care provision are barred by the Eleventh Amendment. Id. at 1332; see Hale, 219 F.3d at 68. Plaintiff's FMLA claims are based on her leave for self-care, and are therefore dismissed for lack of subject matter jurisdiction. In light of this decision, the Court need not consider DOCCS' alternative argument that Plaintiff failed to state a claim for FMLA violations.

Plaintiff's ADA claims must similarly be dismissed. There is no subject matter jurisdiction over Plaintiff's claim of discrimination under the ADA because "Title I of the

ADA does not constitute a valid exercise of Congress' authority under section 5 of the Fourteenth Amendment sufficient to abrogate the state's Eleventh Amendment sovereign immunity." Canales-Jacobs v. N.Y.S. Office of Court Admin., 640 F.Supp.2d 482, 498 (S.D.N.Y. 2009) (citing Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001)). Further, where "a state is immune from underlying discrimination, then it follows that the state must be immune from claims alleging retaliation for protesting against discrimination." Chiesa v. N.Y. State Dep't of Labor, 638 F.Supp.2d 316, 323 (N.D.N.Y. 2009). Therefore "[s]overeign immunity also extends to claims of retaliation brought pursuant to Title V of the ADA." Emmons v. City Univ. of N.Y., 715 F.Supp.2d 394, 408 (E.D.N.Y. 2010); Chiesa, 638 F. Supp. 2d at 323.

Finally, Plaintiff's state law claims for negligence and breach of contract must also be dismissed on sovereign immunity grounds. Sank v. City University of New York, 112 Fed.Appx. 761, 763 (2d Cir. 2004), *cert denied* 543 US 1120 (2005); Heba v. New York State Div. of Parole, 537 F.Supp.2d 457, 471 (E.D.N.Y. 2007). Although Plaintiff's Title VII discrimination claims survive against DOCCS, "pendent jurisdiction does not permit . . . an evasion of the immunity guaranteed by the Eleventh Amendment." Pennhurst State Sch. & Hosp., 465 U.S. at 121.

### IV. CONCLUSION

For the reasons stated above, DOCCS' motion for partial dismissal of Plaintiff's second amended complaint is granted. Plaintiff's FMLA, ADA, and state law claims are dismissed with prejudice.

## V. ORDERS

IT HEREBY IS ORDERED that DOCCS' motion to partially dismiss Plaintiff's Second Amended Complaint (Docket No. 42) is GRANTED;

FURTHER, that Plaintiff's request for leave to supplement her memorandum of law in opposition (Docket No. 47) is DENIED.

SO ORDERED.

Dated: September 12, 2012
       Buffalo, New York

                                            <u>/s/William M. Skretny</u>
                                            WILLIAM M. SKRETNY
                                                  Chief Judge
                                        United States District Judge