UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BERTHA A. JOHNSON,

        Plaintiff,

        -v-

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES AND
COMMUNITY SUPERVISION, LIEUTENANT
WOJINSKI, CAPTAIN DALE SCALISE,
SERGEANT BROWN,

        Defendants.

**DECISION and ORDER**
11-CV-0079S

---

1. Plaintiff, Bertha Johnson, acting *pro se*, filed a Second Amended Complaint with leave of court on February 27, 2012. After review of the Second Amended Complaint, pursuant to 28 U.S.C. § 1915, the Court found that the following claims against defendant New York State Department of Corrections and Community Supervision ("DOCCS") survived: (1) employment discrimination on the basis of race and gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; (2) interference with plaintiff's rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*; (3) retaliation in violation of Title VII, FMLA and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 et seq.; and (4) negligence and breach of contract. (Docket No. 41, Decision and Order.) The Court also allowed the claims against Defendant Lieutenant Wojinski for assault and against Defendants Sergeant Brown and Captain Scalise for unlawful imprisonment to proceed to service and directed that the Clerk of the Court cause the United States Marshals Service to serve the Summons and Second Amended Complaint upon Defendants Wojinski, Brown and Scalise. (Docket No. 41, Decision and Order, at 11-12.)

2. Summonses for Defendants Wojinski, Brown and Scalise were issued on April 19, 2012, but to date said Defendants have not returned an Acknowledgment of Receipt of Service by Mail, *see* N.Y.C.P.L.R., § 312-a(b),[1] nor have they appeared in this action.

3. On September 9, 2012, the Court, *inter alia*, granted DOCCS's motion to partially dismiss the remaining claims, except the Title VII claims, as against it on the ground that said claims were barred under the Eleventh Amendment to the United States Constitution. (Docket No. 49, Decision and Order).

4. Plaintiff now moves to reserve the Summons and Second Amended Complaint against Defendants Wojinski, Brown and Scalise. (Docket No. 50.)

5. Once a plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the Court and Marshals Service. *See* 28 U.S.C. § 1915(d); *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996); *see also Rivera v. Pataki*, 2005 U.S. Dist. LEXIS 2747, at \*\* 55-56 (S.D.N.Y. Feb. 7, 2005) ("Once plaintiff provided the Marshal's Service with the information required to serve his complaint, he was absolved of further responsibility for service."). Here the Court granted plaintiff permission to proceed *in forma pauperis* and, therefore, it was the Court's and Marshals Service's responsibility to effect service upon defendants as long as plaintiff properly identified them.

6. This Court finds that there is "good cause" to extend the time in which Plaintiff may serve the Summons and Second Amended Complaint upon defendants Wojinski, Scalise and Brown an additional 90 days. *See* Fed.R.Civ.P. 4(m); *see Murray v. Pataki*, 2010 WL

---

[1] N.Y.C.P.L.R. § 312-a(b), which is the method of service the Marshals Service utilizes in this District, provides that service is not "complete" until the defendant returns the signed Acknowledgment of Receipt of Service by Mail to the Marshals Service.

2025613, at *2 (2d Cir. May 24, 2008) (Summary Order) ("As long as the *pro se* . . . provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)) (citations omitted)); *Rivera,* 2005 U.S. Dist. LEXIS 2747, at * 56 n. 28 (numerous circuit courts have held that as long as the [plaintiff] provides the information necessary to identify the defendant, the Marshals Service failure to effect service constitutes "good cause" to extend time for service under Rule 4(m)); *see also Zapata v. City of New York*, 502 F.3d 192, 196-97 (2d Cir.2007) ("We hold that district courts have discretion to grant extensions even in the absence of good cause.").

IT HEREBY IS ORDERED that Plaintiff's Motion to Reserve Defendants Wojinski, Scalise and Brown (Docket No. 50) is granted and Plaintiff's time to serve the Summons and Second Amended Complaint on said Defendants is extended an additional 90 days from filing of this Decision and Order;

FURTHER, that the Clerk of the Court is directed to cause the United States Marshals Service to serve the Summons and Second Amended Complaint (Docket No. 36) upon Defendants Wojinski, Scalise and Brown without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

SO ORDERED

Dated: October 17, 2012
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court

3