UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BERTHA A. JOHNSON,

                      Plaintiff,
v.                                          **DECISION AND ORDER**
                                                              11-CV-079S

NEW YORK STATE DEPARTMENT OF
CORRECTIONAL SERVICES AND
COMMUNITY SUPERVISION, LIEUTENANT
WOJINSKI, CAPTAIN DALE SCALISE,
SERGEANT BROWN,

                      Defendants.

## I. INTRODUCTION

Plaintiff Bertha A. Johnson commenced this action seeking damages for, *inter alia*, alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. and state law. Presently before this Court is the motion of Defendants Wojinski, Scalise, and Brown to dismiss the Second Amended Complaint as against them for lack of jurisdiction, on which this Court previously reserved decision, and the Plaintiff's second motion for leave to file a third amended complaint. For the reasons that follow, the Court will grant Defendants' motion, and grant in part and deny in part Plaintiff's motion.

## II. BACKGROUND

Plaintiff filed her initial complaint *pro se* and *in forma pauperis* against the New York State Department of Correctional Services and Community Supervision ("DOCCS") in

1

January 2011. DOCCS moved to dismiss this complaint, (Docket No. 4), following which Plaintiff sought leave to file an amended complaint. (Docket No. 18.) DOCCS opposed Plaintiff's motion, but before the Court ruled, Plaintiff moved to file a 'supplemental complaint' with additional claims. (Docket Nos. 20, 24-25.) Plaintiff also filed three 'supplemental exhibits' shortly thereafter. (Docket Nos. 26-28.) In a December 2011 text order, this Court agreed with DOCCS that Plaintiff's "current allegations are confused," and ordered Plaintiff to file an amended complaint incorporating her various claims and allegations. (Docket No. 30.)

Plaintiff filed what purported to be an amended complaint in January 2012. (Docket No. 32). The Court found this document to be deficient, and again afforded her an opportunity to file a complaint that accurately recited her claims and allegations. (Docket No. 31.) This Second Amended Complaint, which named additional individual defendants, was filed on February 27, 2012. (Docket No. 36.) Following a review by the Court pursuant to 28 U.S.C. § 1915 in light of Plaintiff's *in forma pauperis* status,(Docket No. 41 ¶ 8), and a motion to dismiss filed by DOCCS, (Docket Nos. 42), only Plaintiff's federal claims of employment discrimination on the basis of race and gender and improper retaliation in violation of Title VII remained viable against DOCCS. (Docket No. 49.) Plaintiff's state law claims against Defendant Wojinski for assault and against Defendants Brown and Scalise for unlawful imprisonment also survived. (Id. at 2-3.)

These individual Defendants then moved to dismiss the Second Amended Complaint as against them based on the immunity provided by New York Correction Law § 24. (Docket No. 53.) Plaintiff opposed the motion and, having retained counsel, sought leave to file a third amended complaint. (Docket No. 61.) This Court denied Plaintiff's

2

motion on the ground that the numerous deficiencies in the proposed third amended complaint would render several causes of action subject to dismissal. (May 1, 2013 Decision and Order at 7, Docket No. 66.)  In order to allow the litigation to move meaningfully forward, Plaintiff was permitted to file another motion for leave to file a third amended complaint on or before July 7, 2013. (Id.) Decision on the individual Defendants' motion to dismiss was reserved at that time.  (Id. at 9-10.)  Plaintiff thereafter timely filed the present motion for leave to amend.

### III. DISCUSSION

Generally, leave to amend a pleading should be freely given when justice so requires. Fed. R. Civ. P. 15 (a) (2).  Nonetheless, it is in the sound discretion of this Court "to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007); see Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).  An amendment is considered futile if the amended pleading would not survive a motion to dismiss, either pursuant to Rule 12 (b)(6) or on some other basis.  Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002); McKinney v. Eastman Kodak Co., 975 F. Supp. 462, 465 (W.D.N.Y. 1997).

This Court has already ruled that granting Plaintiff leave to file another amended complaint is proper to help clarify the issues initially raised *pro se* and to incorporate additional factual allegations regarding Plaintiff's termination after this action was commenced.  (May 1, 2013 Decision and Order at 3, 9-10.)  Defendants opposition to the proposed new pleading is limited to the argument raised in the prior motion to dismiss: that

3

Plaintiff's state law claims of assault and unlawful imprisonment are barred from consideration in this Court by N.Y. Correction Law § 24(1). (Defs' Mem of Law in Opp'n at 1-2, Docket No. 69; see Def's Mem of Law in Support of the Motion to Dismiss, 3-4, Docket No. 53.) Defendants argue that amendment with respect to these claims should be denied as futile. (Defs' Mem of Law in Opp'n at 2.)

N.Y. Correction Law § 24(1) provides:

> No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, which for purposes of this section shall include members of the state board of parole, in his or her personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.

See Baker v. Coughlin, 77 F.3d 12, 15 (2d Cir. 1996) (this section also prohibits review by a federal court exercising pendent jurisdiction). Section 24 therefore "shields employees of a state correctional facility from being called upon to personally answer a state law claim for damages based on activities that fall within the scope of the statute." Ierardi v. Sisco, 119 F.3d 183, 187 (2d Cir. 1997). Instead, any claim for damages due to a state correctional facility employee's action or inaction must be brought in New York's Court of Claims as a claim against the state. Id. § 24(2).

The jurisdictional limitation of § 24 is broad, and "immunity is not necessarily unavailable simply because the challenged conduct is violative of regulations of the Department of Correctional Services, or otherwise beyond an officer's authority." Ierardi, 119 F.3d at 187. Its application is nonetheless not absolute, and is limited to conduct occurring "within the scope of the employment and in the discharge of the [employee's] duties." N.Y. Correction Law § 24(1); Ierardi, 119 F.3d at 187. Conduct engaged in "for

4

purely personal reasons unrelated to the employer's interests, . . . which is a substantial departure from the normal methods of performing [an officer's or employee's] duties" is not considered within the scope of employment. Gore v. Kuhlman, 217 A.D.2d 890, 891, 630 N.Y.S.2d 141 (N.Y.A.D. 3d Dep't 1995).

In determining whether Correction Law § 24 applies, courts generally look at the factors associated with New York's scope of employment analysis. Ierardi, 119 F.3d at 187 n. 3 (citing Riviello v. Waldron, 47 N.Y.2d 297, 302 (1979)). These factors include:

> the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated.

Riviello, 47 N.Y.2d at 303; see Ieradi, 119 F.3d at 187-88. Ultimately, "an employee will be considered within the scope of his employment so long as he is discharging his duties, 'no matter how irregularly, or with what disregard of instructions.' " Cepeda v. Coughlin, 128 A.D.2d 995, 996, 513 N.Y.S.2d 528, 530 (N.Y. A.D. 3d Dep't 1987) (quoting Riviello, 47 N.Y.2d at 302 (internal quotation marks omitted)), *lv denied* 70 NY2d 602 (1987); see Degrafinreid v. Ricks, 452 F. Supp. 2d 328, 333 (S.D.N.Y. 2006); Gore, 217 A.D.2d at 891.

In the instant case, Plaintiff's fifth and sixth causes of action are based on allegations that, shortly after her reinstatement pursuant to an arbitration ruling in her favor, Lieutenant Wojcinski "launched his entire body at her while[] screaming "WHAT" in an aggressive fashion when she attempted to enter . . . the line-up room for her 7am call." (Proposed Third Amend. Compl. ¶ 57, Docket No. 67-2.) Plaintiff reported the incident and documented it in a logbook. (Id.) Hours later, Plaintiff "was called off her post in the yard by Defendant [Sergeant] Brown" and "confined in a conference room for over four hours

5

against her will and denied union representation." (Id.) She further alleges that her confinement was the result of "a discussion with Captain Scalise, Deputy [Superintendent] Amoia and Superintendent Powers." (Id. ¶ 58.)

Although on-the-job conduct of DOCCS employees has under certain circumstances been found to be outside the scope of employment, "such holdings generally have been limited to cases in which the conduct was prompted purely by personal reasons unrelated to the employer's interest, or indicated an intentional course of conduct contrary to institutional rules, training and common sense." Degrafinreid, 452 F.Supp.2d at 334 (internal quotation marks, brackets, and citations omitted); see Ierardi, 119 F.3d at 188 (correction officer's alleged sexual harassment of co-worker while on duty was beyond scope of employment); Livingston v. Griffin, No. 9:04-CV-0607, 2007 WL 2437433, *2 (N.D.N.Y. Aug. 22, 2007)(defendants not immune from allegation that they committed a civil battery by intentionally and deliberately feeding plaintiff foods mixed with unknown drugs). Here, however, Plaintiff alleges that these acts were carried out and condoned by her supervisors as part of a pattern of discrimination and retaliation. Therefore, as alleged, these incidents "occurred during the course of the parties' employment and arose out of defendants' relationship as plaintiff's supervisors." Gore, 217 A.D.2d at 890; see Reynolds v. Barrett, 685 F.3d 193, 201 n.5 (2d Cir. 2012) (affirming dismissal of state law discrimination claims as barred by Corrections Law § 24); (see Proposed Third Amend. Compl. ¶ 93 (alleging that the assault was part of "Defendants' illegal retaliatory actions")). A supervisor's abuse of authority "for the purposes of harassment, as alleged by plaintiff, constitutes no more of a departure from the normal methods of performing the duties of employment than a correction officer's use of excessive force to quell an inmate

6

disturbance, resulting in an assault." Gore, 217 A.D.2d at 891 (citing Cepeda, 128 A.D.2d at 997 (section 24 applied to alleged assault of inmates by correction officers because custody and control of inmates are part of the officers' duty)); cf. Ierardi, 119 F.3d at 185, 188 (specifically noting that the plaintiff and the defendant were co-workers, neither of whom had supervisory authority over the other).

Plaintiff's motion for leave to amend is therefore denied with respect to her proposed fifth and sixth causes of action for unlawful imprisonment and assault. These factual allegations, however, are appropriately considered in connection with her federal discrimination claims and should remain included in the filed third amended complaint.

Finally, because Correction Law § 24 applies a jurisdictional limitation, this Court is obligated to consider whether it is precluded from ruling on Plaintiff's third cause of action of discrimination in violation of the New York State Human Right Law ("NYSHRL"). See Baker, 77 F.3d at 15-16 (discussing application of state limitation on jurisdiction in federal court); see generally Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006) (court has obligation to address issue of jurisdiction *sua sponte*), *cert denied*, 549 U.S. 1282 (2007). Plaintiff claims therein that the individually named Defendants[1] "aided, abetted, incited, compelled or coerced discriminatory conduct forbidden by NYSHRL through their active participation in conduct giving rise to a discrimination claim." (Proposed Third Amend. Compl. ¶ 81.). A state employee may be held liable in his or her individual capacity under N.Y. Executive Law § 296(6) for aiding, abetting, inciting, compelling or coercing a discriminatory act forbidden by NYSHRL. See Lore v. City of Syracuse, 670 F.3d 127, 169 (2d Cir. 2012);

---

[1] Plaintiff correctly conceded that a NYSHRL claim is barred against Defendant DOCCS on the ground of Eleventh Amendment immunity. (See Docket No. 65 at 2.)

Smith v. State Univ. of N. Y., No. 1:00-CV-1454, 2003 WL 1937208, *7 (N.D.N.Y. Apr. 23, 2003). Plaintiffs' specific allegations made in support of this claim, however, describe the individual Defendants' abuse or dereliction of their supervisory positions. Specifically, in addition to the alleged assault and confinement, Plaintiff asserts that the individually named Defendants failed to respond to complaints, failed to take appropriate remedial action with respect to harassment by coworkers, and created false allegations to support imposing discipline on Plaintiff. (Proposed Third Amend. Compl. ¶ 82.) Accordingly, this cause of action is also barred from consideration in this Court by Corrections Law § 24. See Gore, 217 A.D.2d at 891 (disciplinary actions and similar matters fell within the defendants' authority as plaintiff's supervisors).

## IV. CONCLUSION

Because Correction Law § 24 bars consideration of Plaintiffs' alleged state law claims against the individual Defendants, the Motion to Dismiss the Second Amended Complaint as against Defendants Wojinski, Scalise, and Brown (Docket No. 53) is granted. Plaintiff's second Motion for Leave to File a Third Amended Complaint is granted with respect to the proposed first, second, and fourth causes of action against Defendants DOCCS and Superintendent Sandra Amoia-Kowalczyk, and is otherwise denied.

## V. ORDERS

IT HEREBY IS ORDERED that the motion of Defendants Wojcinski, Scalise, and Brown to dismiss the Second Amended Complaint as against them (Docket No. 53) is

8

GRANTED;

FURTHER, that Plaintiff's second Motion for Leave to File a Third Amended Complaint (Docket No. 67) is GRANTED in part and DENIED in part. Plaintiff is directed to file a third amended complaint that complies with this order by October 11, 2013.

SO ORDERED.

Dated: September 20, 2013
       Buffalo, New York

      /s/William M. Skretny
      WILLIAM M. SKRETNY
      Chief Judge
      United States District Judge